IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL WELLS and )
TERRI WELLS, his wife, )
                         )        CASE NO. 3:07-1042
      Plaintiffs )
                         )
v. )
                         )
TRANSPORTATION INTERNATIONAL )
POOL, INC., AS LOGISTICS, INC., )
EXTRA LEASE, and D.C. )
TRANSPORTATION, )
                         )
      Defendants )

**M E M O R A N D U M**

Plaintiffs, Michael Wells and Terry Wells, Tennessee citizens, filed this action originally

in the Montgomery County Chancery Court against the Defendants: Transport International

Pool, Inc., AS Logistics, Inc., doing business as Amstan Trucking, Inc. ("Amstan"), XTRA

Lease, and D.C. Transportation Services. Defendant Transport International removed the action

to this Court, citing diversity jurisdiction under 28 U.S.C. Section 1332. Since the removal of

this action, Plaintiffs voluntarily dismissed their claims against Defendants Transport

International, XTRA Lease and D.C. Transportation. (Docket Entry Nos. 45,48 and 71).

Before the Court is the remaining Defendant Amstan's motion for summary judgment

(Docket Entry No. 62) contending, in sum, that Plaintiffs lack proof that Amstan had actual or

constructive knowledge of the alleged defect that caused Plaintiff Michael Wells's injuries and

that the Tennessee Worker Compensation Act precludes this action. In response, Plaintiffs

1

assert that their proof is sufficient to support a judgment. As to the Tennessee Workers

Compensation Act precluding this action, Plaintiff contend that the Defendant waived this

defense.

### A. Findings of Fact[1]

On October 15, 2006, Michael Wells fell while walking on a flat bed trailer of a

semi-truck that he was preparing to drive. Plaintiff Michael Wells worked for Defendant

Amstan as a leased employee from D.C. Transportation. Michael Wells, a veteran driver of

almost 30 years, has a commercial driver's license and has driven for Amstan exclusively out of

its Clarksville facility.

As to the bed of the trailer on which Michael Wells fell, Amstan's proof is that the trailer

was under a lease from TIP, and that all trailers are subject to an inspection by the United States

Department of Transportation every 90 to 100 and 20 days. (Docket Entry No.62-2, Evans

Affidavit ¶ 6 and Docket Entry No.62-1 Rohrer Affidavit at ¶ 5). In addition, Amstan contracts

with the RP's Mobile Services to inspect its trailers on a regular basis, for which Amstan receives

inspection report from RP's Mobile Services. (Docket Entry No.62-2, Evans Affidavit at ¶ 4. It

is undisputed that Amstan never received an inspection report of a rotten floorboard on trailer

number 123018, the trailer on which plaintiff Michael Wells fell. (Docket Entry No.62-2,

Rohrer Affidavit at ¶ 7).

---

[1]The amended petition incorporates the pro se petition without any legal analysis. Mayle
v. Felix, 545 U.S. 644, 649 (2005); Rule 6(a), Rules Governing Section 2254 Cases. Under Fed.
R. Civ. P. 15 (a), the filing of an amended complaint supersedes the prior complaint. Clark v.
Tarrant County, 798 F.2d 736, 740-41 (5th Cir. 1986). Thus, the Court deems the amended
petition to supersede the pro se petition and the claims therein. Unless adopted and supported by
legal memorandum, the Court deems those claims to be waived.

Dwain Evans, Amstan's Clarksville terminal manager, was unaware of any inspection report of any rotten boards on the trailer at issue. After Michael Wells's fall, the same trailer was driven to Carpentersville, Illinois, without incident. On return, Evans inspected the trailer at the Clarksville terminal and took photographs of the trailer. (Docket Entry No. 62-2, Evans Affidavit at ¶¶ 7-9 and Exhibit 1 thereto). Evans did not observe any holes, rotten wood, or condition that could have caused Michael Wells's fall. Id.

Plaintifs' proof relies on three photographs of the trailer and the testimony Carl Crawford, Evans and Plaintiff Michael Wells. As to the cited deposition of Crawford, an Amstan employee at the time, Crawford testified that after the accident, "I was specifically looking for the hole that Mike said was in it, and I didn't see anything big enough that he could have slipped into, you know, made him fall." (Docket Entry No. 66-1, Crawford deposition at 15). Evans's deposition states that after examining the trailer bed of this truck, "I didn't see any holes that a person could have stepped through." (Docket Entry No. 66-2, Evans Deposition at 21). As to the three photographs, Plaintiffs have not offered any expert or other proof identifying any portion of the photograph that establishes a defect or dangerous condition in the trailer bed.

## B. Conclusions of Law

"The very reason of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed. 1989). Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment <u>sua sponte</u>, so long as the opposing party was on notice that she had to come forward with all of her evidence." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Accord, Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.
>
> As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a material fact for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted).

A motion for summary judgment is to be considered after adequate time for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where there has been a reasonable opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary judgment. Emmons v. McLaughlin, 874 F.2d 351, 355-57 (6th Cir. 1989). But see Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

There is a certain framework in considering a summary judgment motion as to the required

4

showing of the respective parties as described by the Court in <u>Celotex</u>

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

<u>Celotex</u>, 477 U.S. at 323 (emphasis deleted).

As the Court of Appeals explained, "[t]he moving party bears the burden of satisfying Rule 56(c) standards." <u>Martin v. Kelley</u>, 803 F.2d 236, 239, n. 4 (6th Cir. 1986). The moving party's burden is to show "clearly and convincingly" the absence of any genuine issues of material fact. <u>Sims v. Memphis Processors, Inc.</u>, 926 F.2d 524, 526 (6th Cir. 1991)(quoting <u>Kochins v. Linden-Alimak, Inc.</u>, 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of `demonstrating the absence of a genuine issue of material fact,' the nonmoving party then `must set forth specific facts showing that there is a genuine issue for trial.'" <u>Emmons v. McLaughlin</u>, 874 F.2d 351, 353 (6th Cir. 1989) (quoting <u>Celotex</u> and Rule 56(e)).

Once the moving party meets its initial burden, the Court of Appeals warned that "[t]he respondent must adduce more than a scintilla of evidence to overcome the motion [and]. . . must `present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" <u>Street v. J.C. Bradford & Co.</u>, 886 F.2d 1472, 1479 (6th Cir. 1989)(quoting <u>Liberty Lobby</u>). Moreover, the Court of Appeals explained that

> The respondent must `do more than simply show that there is some metaphysical doubt as to the material facts.' Further, `[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is `implausible.'

Street, 886 F.2d at 1480 (cites omitted).  See also Hutt v. Gibson Fiber Glass Products, No. 89-5731

(6th Cir. filed September 19, 1990) ("A court deciding a motion for summary judgment must

determine `whether the evidence presents a sufficient disagreement to require a submission to the

jury or whether it is so one-sided that one party must prevail as a matter of law." quoting Liberty

Lobby)).

If both parties make their respective showings, the Court then determines if the material

factual dispute is genuine, applying the governing law.

> More important for present purposes, summary judgment will not lie if the dispute about a material fact is `genuine' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

* * *

> Progressing to the specific issue in this case, we are convinced that the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits.  If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.  The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.  The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- `whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'

Liberty Lobby, 477 U.S. at 248, 252, 106 S. Ct. 2505, 91 L.Ed.2d at 211-212, 214 (citation

omitted and emphasis added).

It is likewise true that

[I]n ruling on a motion for summary judgment, the court must construe the
evidence in its most favorable light in favor of the party opposing the motion and

6

against the movant. Further, the papers supporting the movant are closely
scrutinized, whereas the opponent's are indulgently treated. It has been stated that:
'The purpose of the hearing on the motion for such a judgment is not to resolve
factual issues. It is to determine whether there is any genuine issue of material
fact in dispute. . . .'

Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962) (citation

omitted). As the Court of Appeals stated, "[a]ll facts and inferences to be drawn therefrom must

be read in a light most favorable to the party opposing the motion." Duchon v. Cajon Company,

791 F.2d. 43, 46 (6th Cir. 1986) app. 840 F.2d 16 (6th Cir. 1988) (unpublished opinion) (citation

omitted).

The Court of Appeals further explained the District Court's role in evaluating the proof on

a summary judgment motion

A district court is not required to speculate on which portion of the record the
nonmoving party relies, nor is it obligated to wade through and search the entire
record for some specific facts that might support the nonmoving party's claim.
Rule 56 contemplates a limited marshalling of evidence by the nonmoving party
sufficient to establishing a genuine issue of material fact for trial. This
marshalling of evidence, however, does not require the nonmoving party to
"designate" facts by citing specific page numbers. Designate means simply "to
point out the location of." Webster's Third New InterNational Dictionary (1986).

Of course, the designated portions of the record must be presented with
enough specificity that the district court can readily identify the facts upon which
the nonmoving party relies; but that need for specificity must be balanced against
a party's need to be fairly apprised of how much specificity the district court
requires. This notice can be adequately accomplished through a local court rule or
a pretrial order.

InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) cert. denied 110 S.Ct. 1839,

108 L.Ed.2d 967 (1990). Here, the parties have given some references to the proof upon which

they rely. Local Rule 8(b)(7)(A) and (C) require a showing of undisputed and disputed facts.

In Street, the Court of Appeals discussed the trilogy of leading Supreme Court decisions,

and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions

1.     Complex cases are not necessarily inappropriate for summary judgment.

2.     Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3.     The movant must meet the initial burden of showing `the absence of a genuine issue of material fact' as to an essential element of the non-movant's case.

4.     This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5.     A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: `whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law.'

6.     As on federal directed verdict motions, the `scintilla rule' applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

7.     The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8.     The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must `present affirmative evidence in order to defeat a properly supported motion for summary judgment.'

9.     The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10.     The trial court has more discretion than in the `old era' in evaluating the respondent's evidence. The respondent must `do more than simply show that there is some metaphysical doubt as to the material facts.' Further, `[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is `implausible.

Street, 886 F.2d at 1479-80.

The Court has distilled from these collective holdings four issues that are to be addressed upon a motion for summary judgment: (1) has the moving party "clearly and convincingly" established the absence of material facts?; (2) if so, does the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense?; (3) if factual support is presented by the nonmoving party, are those facts sufficiently plausible to support a jury verdict or judgment under the applicable law?; and (4) are there any genuine factual issues with respect to those material facts under the governing law?

Plaintiffs' claims are governed by Tennessee law. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Under Tennessee law, "Plaintiffs must prove that a premises owner had constructive notice of the presence of a dangerous condition by showing a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence. Blair v. Westtown Mall, 130 S.W.3d, 761, 765-66 (Tenn. 2004.)

Here, Plaintiffs lack any proof of any pattern of conduct or recurring incident nor proof of any continuing condition of this trailer. Without expert proof, the Court concludes that Plaintiffs' three photographs, without more, do not establish a dangerous condition. The Defendants' undisputed proof of regular government and private inspections, without any report of any defective conditions on this trailer, would not support any inference in favor of Plaintiffs' theory. Thus, the Court concludes that Plaintiffs' claims fail for lack of proof.

This conclusion renders consideration of the parties contention about the effect of the Tennessee Workers Compensation Act moot. trial.

For the above stated reasons, the Court concludes that the Defendant Amstan's motion for

summary judgment should be granted.

An appropriate Order is filed herewith.

Entered this the _30th_ day of March, 2011.

_____
William J. Haynes, Jr.
United States District Judge